IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRIKA BRUCE,<br><br>    Plaintiff,<br><br>v.<br><br>AIRGAS USA, LLC,<br><br>    Defendant.<br>_____ | )<br>)  Civil Action<br>)  No.<br>)<br>)  JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff, Brika Bruce, by and through undersigned counsel, and files this Complaint for Damages against Defendant AirGas USA, LLC ("Defendant"), and states as follows:

**JURISDICTION AND VENUE**

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

3.

Plaintiff is a citizen of the United States of America, and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto, has conducted business within this District.

5.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, C T Corporation Service Company, 289 S Culver St., Lawrenceville, Georgia 30046.

## ADMINISTRATIVE PREREQUISITES

6.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) alleging disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"). The EEOC issued a "Notice of Right to Sue", entitling an action to be commenced within ninety (90) days of receipt of that notice. This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

## **FACTUAL ALLEGATIONS**

7.

Defendant has now, and at all times relevant hereto, has been an employer subject to the Americans with Disabilities Act ("ADA") and Family Medical Leave Act ("FMLA").

8.

Plaintiff began her employment with Defendant, on or about August 12, 2019, as an accounts receivable specialist.

9.

In October 2020, Defendant began piloting a return to the office, as it related to COVID.

10.

Plaintiff informed her director, Jennie Beckstrand, that she has Type I Diabetes, and requested to continue working from home. The request was initially approved.

11.

In August 2021, Defendant informed Plaintiff that a return to the office would be mandated for her department beginning September 1, 2021. Plaintiff asked for an accommodation to work from home due to her diagnosis, and was told that she needed to come in until her paperwork was reviewed.

12.

The week before Plaintiff was scheduled to return to work, her son started showing Covid symptoms. Plaintiff and her son were told to both quarantine until tests results came back. Plaintiff received negative test results on Friday, September 3. Plaintiff went to work in-person the next week, but took Thursday, September 9, off because she was ill and her diabetes were flaring up. Later that day, Planintiff was terminated.

13.

Plaintiff made Defendant aware that she needed to be off work on September 9, 2021, due to her diabetes.

14.

Defendant terminated Plaintiff because of her actual or percieved disability and/or due to or in retaliation for her request for accommodations.

15.

In terminating Plaintiff's employment, Defendant also interfered with Plaintiff's exercise of rights protected by the FMLA and/or retaliated against Plaintiff for exercise of FMLA rights.

16.

Plaintiff suffers from a disability, within the meaning of the ADA, of which Defendant had actual knowledge. In particular, Plaintiff suffers from Type I Diabetes.

17.

Plaintiff was and remains able to perform the essential job functions of the job for which she was hired.

18.

In terminating Plaintiff's employment, Defendant discriminated against Plaintiff because of her disability, and retaliated against in her violation of the ADA.

19.

Plaintiff has suffered, *inter alia*, lost wages and emotional distress as a direct result of Defendant's unlawful actions.

20.

Plaintiff was eligible for FMLA leave as of the date she needed off for her diabetes in September 2021.

## CLAIMS FOR RELIEF

## COUNT I
## (ADA DISCRIMINATION)

21.

Plaintiff repeats and re-alleges paragraphs 7-20 as if set forth fully herein.

22.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

23.

At times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

24.

At times relevant to this action, Plaintiff has been an individual with a disability as that term has been defined by the ADA.

25.

At times relevant to this action, Defendant and the individual(s) involved in the decision to terminate Plaintiff were aware of Plaintiff's disability, including at the time of Defendant's termination of Plaintiff.

26.

Plaintiff's disability or perceived disability was a determinative factor in Defendant's decision to terminate Plaintiff.

27.

At all times relevant, Plaintiff could perform the essential functions of her position.

28.

Defendant "regarded" Plaintiff as having a "disability" under the ADA.

29.

In terminating Plaintiff, Defendant discriminated against Plaintiff because of her disability, thus violating Plaintiff's rights under the ADA entitling him to all appropriate relief thereunder.

30.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which he is entitled to recover from Defendant.

31.

Defendant discriminated against Plaintiff, and in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices has

not only deprived Plaintiff of equal employment opportunities, but exhibits malice or reckless indifference to the federally protected rights of Plaintiff.

32.

Plaintiff is entitled to compensatory and punitive damages.

## COUNT II
## (ADA RETALIATION)

33.

Plaintiff repeats and re-alleges paragraphs 7-20 as if set forth fully herein.

34.

The ADA protects qualified individuals, including Plaintiff, from retaliatory measures taken by an employer based on protected activity, including opposing disability discrimination and requesting accommodations for a disability.

35.

Plaintiff engaged in protected activity by notifying the Defendant of her disability and seeking accommodations.

36.

Defendant subjected Plaintiff to adverse employment action by terminating her employment after she sought accommodations.

37.

There is a causal connection between Plaintiff's disability and subsequent request for accommodations; and, Defendant's decision to terminate her employment as a result.

38.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

39.

Defendant, therefore, is liable for the damages caused proximately by its retaliation.

## **COUNTS III & IV**

### **(FMLA INTERFERENCE AND RETALIATION)**

40.

Plaintiff repeats and re-alleges paragraphs 7-20 as if set forth fully herein.

41.

Defendant is and, at all times relevant, has been an 'employer' as defined by the FMLA.

42.

Plaintiff was an eligible employee under the FMLA.

43.

Plaintiff engaged in protected conduct under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling her to all appropriate relief under the statute.

44.

Defendant interfered with Plaintiff's rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

45.

Defendant retaliated against Plaintiff for the exercise of protected conduct under the Family Medical Leave Act, 29 U.S.C. 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

46.

As a result of the termiantion, Plaintiff has suffered damages, including lost wages for which she is entitled to recover. Defendant's violations of the FMLA were reckless and Plaintiff is also entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(b) Reasonable attorney's fees and expenses of litigation;

(c) Trial by jury as to all issues;

(d) Prejudgment interest at the rate allowed by law;

(e) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(f) General damages for mental and emotional suffering caused by Defendant's misconduct;

(g) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(h) All equitable relief available under the ADA and FMLA;

(i) All other relief to which he may be entitled.

This 23rd day of June, 2022.

                                                          **BARRETT & FARAHANY**
                                                          *s/ V. Severin Roberts*
                                                          V. Severin Roberts
                                                          Georgia Bar No. 940504

P.O. Box 530092
Atlanta, Georgia 30353-0092
(404) 214-0120
(404) 214-0125 Facsimile
severin@justiceatwork.com

1